# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| ERIC FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-10-CV-00066-KC |
| | § | |
| CHILD PROTECTIVE SERVICES | § | |
| AND THE ATTORNEY GENERAL | § | |
| FOR THE STATE OF TEXAS, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered Plaintiff's Motion to Proceed In Forma Pauperis. For the reasons set forth herein, the Motion is **GRANTED**. However, Plaintiff's claims are **DISMISSED WITH PREJUDICE** as frivolous.

In the instant case, Plaintiff has submitted a barely legible Complaint which involves a conspiracy by unnamed anti-government organizations to deny Plaintiff his constitutional rights. Specifically, Plaintiff asserts that the Texas legislature in the 78th Legislative Session revised the congressional districts in the state of Texas on behalf of unnamed anti-government groups so that these groups could establish their own common law courts in violation of Article I, section 4, clause 1 of the United States Constitution. Compl. 1. Plaintiff claims that these illegal common law courts have issued frivolous judgments, which closely resemble legitimate court orders, for the purpose of harassing citizens. *Id.* at 1-2. Specifically, Plaintiff claims that the 383rd Judicial District Court is one such illegal court, and that the Judge presiding over that court has illegally refused to investigate certain claims of sexual abuse. *Id.* at 4-5. Plaintiff seeks a temporary restraining order to prohibit these anti-government groups and their illegal courts from asking

questions regarding the sexual abuse. *Id.* at 5. Further, Plaintiff seeks a "referral" appointing a child protective services caseworker to investigate these claims of child abuse as well as the appointment of a three-judge panel under 28 U.S.C. § 2284(b)(3) to investigate these anti-government groups and their unlawful courts. *Id.* at 6.

A district court may dismiss sua sponte a complaint filed in forma pauperis if it determines that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i-ii). In determining whether a plaintiff has stated an actionable claim for relief, the complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true. *Martin K. Eby Constr. Co. v. DART*, 369 F.3d 464, 470 (5th Cir. 2004). An action is frivolous if it lacks an arguable basis in either law or fact. *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

After reviewing the Complaint, the court finds that it is factually and legally frivolous. Even construing the Complaint liberally, the court is unable to discern under what theories Plaintiff is attempting to proceed or what remedy this Court could possibly provide. The notion that Texas legislature acted on behalf of unnamed anti-government groups when it redistricted the congressional districts in the state is fantastic enough. That it did so for the purpose of setting up illegal courts which mimic "genuine" courts in order to violate Plaintiff's constitutional rights is absurd.

Further, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's claim is implausible. The Complaint does not assert facts, that accepted as true, state a claim that is plausible. *See Ashcroft v. Iqbal*, ---U.S.----, 129 S.Ct. 1937, 1949 (2009). Plaintiff has not demonstrated even a sheer possibility that Defendants have acted unlawfully. *See id.* Plaintiff makes bald claims of an elaborate conspiracy involving the Texas Legislature and an illegal shadow judiciary which do not rise above the level of plausibility. That these anti-government groups undertook this conspiracy so that the ersatz court would refuse to investigate allegations of child abuse is just not plausible. Plaintiff fails to state a claim.

Moreover, Plaintiff is no stranger to this Court having filed nine complaints in this Court over the last several weeks and at least four other complaints over the last several years. *See Flores v. El Paso County Sheriff's Department, et al.*, EP-06-cv-00419; *Flores v. Samaniego*, EP-06-cv-00425; *Flores v. El Paso County Sheriff's Department, et al.*, EP-08-cv-00124; *Flores v. Wiles*, EP-09-cv-00032; *Flores v. Wiles,* EP-10-cv-00025; *Flores v. Wiles*, EP-10-cv-00026; *Flores v. El Paso County Sheriff's Department, et al.*, EP-10-cv-00027; *Flores v. Anti-government Group*, EP-10-cv-00053; *Flores v. Anti-government Group*, EP-10-cv-00054; *Flores v. United States Attorney General*, EP-10-cv-00059; *Flores v. Flores, et al.*, EP-10-cv-00060; *Flores v. Attorney General for the State of Texas,*, EP-10-cv-00065; *Flores v. Child Protective Services, et al.*, EP-10-cv-66. Plaintiff's repeated filing of cases in this Court is rapidly becoming abusive. Should Plaintiff continue to file frivolous claims, the Court may require him to seek leave of Court before being allowed to file any further claims.

For the reasons set forth above, Plaintiff's Motion to Proceed In Forma Pauperis is **GRANTED**. His Complaint is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED** on this 1st day of March 2010.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE